**RECORD NO. 14-4656**

*In The*
# United States Court Of Appeals
# For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

# DEMETRIUS DESEAN THOMAS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

_____

**BRIEF OF APPELLANT**
_____

**Sebastian M. Joy**
**JOY LAW OFFICE**
**2701 Louisa Street**
**P.O. Box 411**
**Catlettsburg, KY  41129**
**(606) 739-4569**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES ................................................................................... ii

PREAMBLE – *ANDERS v. CALIFORNIA*...............................................................1

JURISDICTIONAL STATEMENT .........................................................................1

ISSUES PRESENTED FOR APPEAL......................................................................2

    I.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY SENTENCING DEMETRIUS THOMAS TO A TERM OF 120 MONTHS?........................................................2

STATEMENT OF THE CASE..................................................................................2

SUMMARY OF ARGUMENT .................................................................................3

ARGUMENT .............................................................................................................3

    STANDARD OF REVIEW ...............................................................................3

    DISCUSSION OF THE ISSUES ......................................................................4

    I.    THE MINISCULE AMOUNT OF DRUGS ATTRIBUTED TO DEFENDANT DESHAUN D. THOMAS REQUIRES A FINDING THAT A SENTENCE OF 120 MONTHS IS UNREASONABLE AND AN ABUSE OF DISCRETION? ...............4

CONCLUSION..........................................................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

Anders v. California,
 386 U.S. 738 (1967)..................................................................................1

United States v. Adkins,
 937 F.2d 947 (4th Cir. 1991) .....................................................................6

United States v. Allen,
 446 F.3d 522 (4th Cir. 2006) .....................................................................4

United States v. Blick,
 408 F.38 162 (4th Cir. 2005) .....................................................................4

United States v. Booker,
 543 U.S. 220 (2005)...................................................................................3

United States v. Brown,
 232 F.3d 399 (4th Cir. 2000) .....................................................................4

United States v. Cohen,
 459 F.3d 490 (4th Cir. 2006), *cert. denied*,
 549 U.S. 1182 (2007).................................................................................4

United States v. General,
 278 F.3d 389 (4th Cir. 2001), *cert. denied*,
 536 U.S. 950 (2002)...................................................................................4

United States v. Pauley,
 511 F.3d 468 (4th Cir. 2007) .....................................................................3

United States v. Pinkney,
 938 F.2d 519 (4th Cir. 1991) .....................................................................6

United States v. Washington,
 629 F.3d 403 (4th Cir. 2011) .....................................................................4

**STATUTES:**

18 U.S.C. § 3231 ............................................................................................... 1

21 U.S.C. § 841(a)(1) ......................................................................................... 2

21 U.S.C. § 846 .................................................................................................. 2

28 U.S.C. § 1291 ............................................................................................... 1

**SENTENCING GUIDELINES:**

U.S.S.G. 4A1.3(b) ............................................................................................. 6

U.S.S.G. 4B1.1(b) ............................................................................................. 5

## PREAMBLE – *ANDERS v. CALIFORNIA*

This brief is respectfully submitted in accordance with Anders v. California, 386 U.S. 738 (1967). The District Court entered a sentence that is below the guidelines of the United States Sentencing Commission, and pursuant to a plea agreement that contains an appellate waiver. The undersigned has examined the record and researched the relevant statutes and case law. The circumstances necessitate a conclusion that the appeal presents legally frivolous issues. Mr. Thomas does respectfully ask the Court to review the reasonableness of the sentence.

## JURISDICTIONAL STATEMENT

On August 4, 2014, the Demetrius Thomas was sentenced by the United States District Court for the Southern District of West Virginia to a term of imprisonment of 120 months, which was below the Advisory Sentencing Guideline range of 151 to 188 months. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Defendant-Appellant Demetrius D. Thomas filed a timely Notice of Appeal on August 20, 2014. (District Court Docket No. 59). This appeal is from a final order and Judgment entered by the United States District Court for the Southern District of West Virginia on August 6, 2014. (District Court Docket No. 55). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

1

## ISSUES PRESENTED FOR APPEAL

**I. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY SENTENCING DEMETRIUS THOMAS TO A TERM OF 120 MONTHS?**

## STATEMENT OF THE CASE

On January 29, 2014 a criminal complaint was filed in United States District Court for the Southern District of West Virginia charging Demetrius D. Thomas with distribution of a quantity of Heroin in Cabell County, West Virginia on or about January 15, 2014. (District Court Docket No. 3). Mr. Thomas was arrested on this warrant on January 30, 2014. (District Court Docket No. 6). On February 25, 2014, a federal grand jury for the U.S. District Court for the Southern District of West Virginia convening in Huntington, returned a nine count indictment against Demetrius D. Thomas and Loveil L. Wade, in which Mr. Thomas was charged in counts One, Two, Three, Four, Six and Seven of the indictment. (District Court Docket No. 16).

On May 5, 2014, the Defendant subsequently pled guilty to Count Seven of the indictment herein, knowingly and intentionally distributing a quantity of Heroin, a Schedule I controlled substance on or about January 15, 2014 in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (District Court Docket No. 39).

On October 9, 2013, the defendant sold 1.1 grams of Heroin to a confidential informant. On October 23, 2013, the defendant sold 1.4 grams of Heroin. On

2

November 6, 2013, the defendant sold 1.8 grams of Heroin. On January 15, 2014, the defendant sold 1.3 grams of Heroin. On November 12, 2013, the HVCDTF obtained and executed a search warrant at a home located at 417 Avondale Road, and the officers seized, three firearms, .5 grams of Heroin, and $1051.00 in cash. The relevant conduct associated with the Defendant totals 11.4 grams of Heroin. (District Court Docket No. 57 & 58).

## SUMMARY OF ARGUMENT

Demetrius Thomas's sentence should be vacated and this case should be remanded for a rehearing due to the substantively unreasonable sentence imposed upon the Defendant by the United States District Court for the Southern District of West Virginia. Under the current case law and the United States constitution, the facts of this case do not warrant the Defendant being sentenced to 120 months, when the drug quantity associated with the defendant was miniscule.

## ARGUMENT

## STANDARD OF REVIEW

In an advisory guideline system, "the courts of appeal review sentencing decisions for unreasonableness." United States v. Booker, 543 U.S. 220, 261 (2005). This Court has held that "our appellate review of the reasonableness of a sentence focuses on whether a sentencing court abused its discretion in imposing the chosen sentence." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

3

Whether a defendant has effectively waived appellate rights in a question of law subject to *de novo* review on appeal. United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006), *cert. denied*, 549 U.S. 1182 (2007); United States v. Blick, 408 F.38 162, 168 (4th Cir. 2005), United States v. General, 278 F.3d 389, 399 (4th Cir. 2001), *cert. denied,* 536 U.S. 950 (2002); United States v. Brown, 232 F.3d 399, 402 (4th Cir. 2000).

This Court reviews legal issues under a *de novo* standard. United States v. Washington, 629 F.3d 403, 411 (4th Cir. 2011). This Court reviews factual findings for clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

## DISCUSSION OF THE ISSUES

**I. THE MINISCULE AMOUNT OF DRUGS ATTRIBUTED TO DEFENDANT DESHAUN D. THOMAS REQUIRES A FINDING THAT A SENTENCE OF 120 MONTHS IS UNREASONABLE AND AN ABUSE OF DISCRETION?**

Per the Pre Sentence Report prepared by the United States Probation Office, Mr. Thomas has a Base Offense Level of sixteen (16) based on the relevant conduct that is attributable to him, totaling 11.4 grams of Heroin. (District Court Docket No. 57 & 58). With the adjustment for acceptance of responsibility of two points and an additional point, this brings his base offense level to thirteen (13). If the court were to grant an additional two (2) point reduction based on the reduction recommended by the U.S. Sentencing Commission and Attorney General Eric Holder, the Defendant would have a total offense level of thirteen (13).

4

With the defendant having two prior felony controlled substance offenses, he qualifies as a career offender. Application of the career offender adjustment under U.S.S.G. 4B1.1(b) enhances the defendants base offense level to a thirty two (32). With his three point reduction for acceptance of responsibility and for his additional two point reduction (maybe granted at the discretion of the court), this brought the defendants total offense level to a twenty seven (27).

In each one of the two prior offenses that were the predicates for the career offender enhancements, the defendant pled guilty to distributing a minute quantity of cocaine base and of selling 2.11 grams of cocaine base. Adding up the quantity of controlled substances sold in the two predicate offenses and the current offense conduct, the total quantity is less than twenty (20) grams.

The prior felony controlled substance offenses involved small, low level drug transactions. The career offender category unfairly lumps the defendant in with those hardcore criminals to whom the categorization really belongs. The United States Sentencing Commission has acknowledged, in their most recent fifteen year report that when career offender status is based on relatively minor offense, the guidelines create a sentence greater that necessary, incarcerating a low level drug dealer for a long term of incarceration that prevents little, if any selling of drugs.

Furthermore, the first controlled substance offense that the defendant pled guilty to in 2003 in Cabell county, West Virginia was when he was twenty three (23) years old. He was close to a juvenile when he committed those offenses and thus their influence should be mitigated by the impetuousness and recklessness of youth. It is clear that Mr. Thomas is not a high-level or violent drug trafficker, but a low level middle man, who is non violent.

The District court has authority to depart downward if career offender overstates the seriousness of the defendant's criminal history. U.S. v. Pinkney, 938 F.2d 519, 520-522 (4th Cir. 1991). U.S. v. Adkins, 937 F.2d 947, 951-952 (4th Cir. 1991). U.S.S.G. 4A1.3(b) allows for downward departure if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. In invoking this authority that this honorable court has to grant a downward variance, the court should note that in the case at hand, the career offender status clearly overstates and over-represents the seriousness of the defendant's criminal history.

As the facts of this case have been presented to the court, Mr. Thomas was merely a middle man in every single of the transactions. As each one of the audio tapes evidences, the Confidential Informant calls Mr. Thomas and asks him if she could purchase Heroin from Mr. Thomas. Mr. Thomas always tells the Confidential Informant that he will have to see if he can find any and will get back

6

to him. If he is able to find any Heroin, then he completes the transactions. In one of the recorded telephone calls, you can clearly hear the confidential informant ask Mr. Thomas whether she can purchase six (6) grams of Heroin, and Mr. Thomas tells the confidential informant that he could not get that much Heroin. This clearly evidences that Mr. Thomas is a low level drug seller, and drug user who did these things to support his drug habit. Furthermore, it also evidences that Mr. Thomas is not the sort of individual that the United States Sentencing Commission envisioned when taking into consideration the Career Offender enhancements.

In sentencing the Defendant to a term of incarceration that was below the advisory guideline range, it is clear that the court took these matters into consideration, but not to the degree that was appropriate in this case.

## **CONCLUSION**

WHEREFORE, we would respectfully submit that the District Court abused its discretion and was unreasonable in sentencing the Defendant to 120 months due to the miniscule amount of drugs attributed to the Defendant. For these reasons, Demetrius D. Thomas respectfully moves that his sentence be reversed and remanded with instructions to incorporate an appropriate downward departure.

Respectfully submitted this 17th day of November, 2014.

        DEMETRIUS D. THOMAS
        By Counsel

        Very truly yours,

        JOY LAW OFFICE

        /s/ Sebastian M. Joy_____
        Hon. Sebastian M. Joy
        Counsel for Defendant
        Kentucky Bar # 92583
        West Virginia Bar # 10945
        E-mail: sjoy@joylawoffice.com
        Admitted in Kentucky & West Virginia

# **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,572</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                                            /s/ Sebastian M. Joy
                                            Sebastian M. Joy

Dated: November 17, 2014

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 17, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Steven Loew
OFFICE OF THE
  UNITED STATES ATTORNEY
Southern District of West Virginia
300 Virginia Street East
Room 4000
P.O. Box 1713
Charleston, WV  25326
(304) 345-2200

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

Demetrius D. Thomas #08368-088
Inmate, FCI Gilmer
201 FCI Lane
Gilmer, WV  26352

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                        /s/ Karen R. Taylor
                                      Karen R. Taylor
                                      GIBSON MOORE APPELLATE SERVICES, LLC
                                      421 East Franklin Street
                                      Suite 230
                                      Richmond, VA  23219